1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    UNITED STATES OF AMERICA,        )
                                       )     NO.    CR06-255 JLR
10                   Plaintiff,         )
                                       )
11              v.                      )     ORDER CONTINUING TRIAL
                                       )
12   MAHAMOUD OMAR JAMA, *et al*        )
                                       )
13                   Defendants.        )
     _____)

14

15          This matter having come before the undersigned Court by operation of a Status

16   Conference and by motion of counsel, the defendants Mahamoud Omar Jama, Abdiweli

17   Shanle Mahamed, Abdiselam Mohamed Gelle, Abdifatah Hussien, Ali M. Ismail, Ibrahim

18   Shire Weyne, Abdulaahi Ahmed, Abdirashid Abdi, Gedi Omar Warsame, Mohamed

19   Issac, Abdifaath Muusse, Liban Said Hagi, Khalid Abdi Ali, Jama Mohamed Absiya, Ali

20   Mirreh Dualeh, Abdigafar Hassan, Bashir Dahir Budul, Abuubakar Ali being present and

21   with their counsel Peter Avenia, Christopher Black, Kenneth Kanev, Walter Palmer,

22   Howard Ratner, Lee Covell, Michael Martin, Peter Mazzone, Michele Shaw, Robert

23   Goldsmith, Gabriel Banfi,  Michael Nance, Terry Kellogg, Anthony  Todaro for Jeff

24   Coopersmith, Juanita Holmes and Lee Covell appearing also on behalf of Bruce Erickson;

25   defendants Khalid Abdi Ali and Bashir Dahir Budul having waived their presence and

26   appearing through counsel Timothy McGarry and Howard Phillips who were present, the

27   United States appearing through the United States Attorney for the Western District of

28

ORDER CONTINUING
TRIAL DATE/Jama et al - 1
CR06-255

Washington, Susan M. Roe, Assistant United States Attorney for said district, and the Court being fully advised in the matter, makes the following findings:

The trial was scheduled for October 3, 2006.  All defense counsel, with the exception of counsel for Abdigafar Hassan who opposed the motion for continuance, moved for a continuance of the trial date until at least early 2007, or later, and requested a new date by which to file pretrial motions. All defendants are out of custody awaiting trial.  The government joined in the motion to continue as discovery is still being produced.  The Court conducted a discussion of discovery issues, counsel schedules and, after the government was excused, procedural matters with defense counsel.

This Court sets a new Pretrial motions deadline of January 19, 2007.  The court will schedule a status conference in November or December.  The trial is continued until April 10, 2007 and defendants will submit waivers of their speedy trial rights to the Court.

The Court is aware that time limitations for trial and speedy trial concerns are set forth in Title 18, United States Code, Section 3161, which reads in part:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
>
> *          *          *
>
> (2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears. . . .
> Section 3161(h) outlines the periods of excludable time, including:
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

*        *        *

(ii) Whether . . .it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*        *        *

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

In this matter, the Court finds that further time is reasonable and necessary to allow all counsel adequate time to diligently prepare for trial and, further, that the ends of justice are served by the requested continuance. Therefore, the time between October 3, 2006 and April 10, 2007 is excludable time under Title 18 U.S.C. Section 3161 and the trial in this matter is continued until April 10, 2007.

DATED this 4th day of October, 2006.


_____
JAMES L. ROBART
United States District Judge

ORDER CONTINUING
TRIAL DATE/Jama et al - 3
CR06-255