UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MAHAMOUD OMAR JAMA, et al.,<br><br>        Defendants. | CASE NO. CR06-255JLR<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss the Indictment on due process grounds (Dkt. # 195). The court has considered the briefing, and for the reasons stated below, DENIES Defendants' motion.

## II.  BACKGROUND

The two-count Indictment, filed on July 20, 2006, charges 18 Defendants with violations of federal drug statutes in connection with a conspiracy to import and distribute Cathinone in its plant form, catha edulis, commonly known as khat (Dkt. #1). The khat plant is a shrub that is cultivated in Africa or Yemen. Cathinone, a Schedule I controlled substance, is apparently one of various stimulants present in the khat plant.

ORDER – 1

Count 1 of the Indictment, which incorporates the language of the Controlled Substances Act ("CSA")[1], alleges that Defendants and others "unlawfully, intentionally, and knowingly did conspire to distribute Cathinone in the form of Catha Edulis, also known as khat, a substance controlled under Schedule I, Title 21, United States Code Section 812." Count 2 includes an identical description of the controlled substance and charges that the Defendants knowingly and intentionally conspired to import the substance.

### III.   ANALYSIS

Defendants move to dismiss the Indictment, arguing that the CSA fails to provide the constitutionally required warning that khat containing cathinone is a controlled substance. As such, Defendants contend that the language of the CSA is void for vagueness in violation of the Fifth Amendment's Due Process Clause. The Ninth Circuit has not considered such a challenge in the context of khat.

A penal statute is unconstitutionally vague if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983) (citations omitted); see also United States v. Harriss, 347 U.S. 612, 617 (1954) (explaining that criminal statutes must describe an offense with sufficient definiteness to "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden") (citations omitted).

The court is mindful that the classification of a federal statute as void for vagueness is a significant matter. The Supreme Court "has consistently favored that interpretation of legislation which supports it constitutionality." Screws v. United States, 325 U.S. 91, 98 (1945) (citations omitted).

---

[1] By CSA, the court refers to Title 21 of the U.S. Code, containing the federal drug statutes, and its enabling regulation, Title 21 of the Code of Federal Regulations, which specifically identifies and classifies proscribed controlled substances.

ORDER – 2

The challenged regulation forbids "any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect, including its salts, isomers, and salts of isomers . . . [listing cathinone]." 21 C.F.R. § 1308.11(f). Defendants concede that the CSA provides unambiguous notice that cathinone is proscribed. They claim, however, that the CSA fails to provide fair warning that possessing khat is illegal because neither the U.S. Code nor the Code of Federal Regulations refers to the plant from which cathinone is derived, catha edulis or khat. Along this vein, Defendants argue that, even had they read the regulation, its text would not have given them, or any other person of ordinary intelligence, actual notice that khat falls within the statutory proscription.

Defendants' argument is based on their observation that the CSA's normal treatment of plants containing controlled substances is to list both the chemical substance and the plant from which it is derived. See Defs.' Mot. at 10 (citing examples, such as the listing of the marijuana plant, the cocoa plant, and the opium poppy, together with their respective chemical substances). In Defendants' view, this pattern leads a person of ordinary intelligence to believe that if Congress intended to criminalize the distribution of khat in addition to cathinone, it would have listed the plant.

Defendants' argument is unavailing. As observed by the First Circuit in addressing an identical due process challenge regarding khat, "[t]he alleged pattern is, at best, irregular." United States v. Hussein, 351 F.3d 9, 16 (1st Cir. 2003) (observing that Schedule I prohibits possession of psilocybin and psilocyn but not their plant hosts, magic mushrooms). It stretches logic "to assume, on the basis of this limited pattern, that a person of ordinary intelligence would jump to the conclusion that, despite the clear prohibition on 'material containing cathinone,' khat containing cathinone is excluded from coverage." Id. The Eighth Circuit likewise considered this question and declined to find the CSA void for vagueness due to its failure to explicitly identify khat as a plant containing cathinone. See United States v. Sheikh, 367 F.3d 756, 764 (8th Cir. 2004) (citing Hussein in concluding that due process does not require such a high degree of

ORDER – 3

specificity).  In sum, that Congress "might, without difficulty, have chosen 'clearer and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." United States v. Powell, 423 U.S. 87, 94 (1974) (quoting United States v. Petrillo, 332 U.S. 1, 7 (1947)).

Most pivotally, any concern that a person of ordinary intelligence would not have fair notice that khat is a controlled substance is overcome by the fact that the government must ultimately prove that a defendant "knowingly and intentionally" distributed and/or imported a controlled substance.  See 21 U.S.C. § 841(a)(1); 21 U.S.C. § 960(a)(1).[2]  The Supreme Court has recognized that a "scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."  Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982) (internal citation omitted); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 342 (1952) ("The statue punishes only those who knowingly violate the Regulation.  This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument that the application of the Regulation would be so unfair that it must be held invalid.") (internal citation omitted); Screws, 325 U.S. at 102-03 ("[W]here the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law.").

The Sixth Circuit recently rejected an identical void for vagueness challenge in the context of khat containing cathinone.  See United States v. Caseer, 399 F.3d 828, 839

---

[2] That Defendants are charged only with conspiracy to commit the underlying offenses does not alter the requirement of scienter: "[c]onspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself."  Ingram v. United States, 360 U.S. 672, 677-78 (1959) (internal quotation omitted); see also Jefferson v. United States, 340 F.2d 193, 197 (9th Cir. 1965).

ORDER – 4

(6th Cir. 2005). The court explicitly rested its holding on the fact that a conviction involving cathinone demands proof of knowledge or intent: "[t]he requirement of specific intent in this case mitigates any constitutional infirmity resulting from the vagueness of the [CSA]." Id. While the Caseer court rejected the defendant's due process challenge, it ultimately reversed his conviction for conspiring to import cathinone. Id. at 844. Notably, the court found that there was insufficient evidence of scienter to sustain a conviction. Id. (observing that there was only "tenuous support for the conclusion that defendant knew that he was participating in the importation of a controlled substance").

The court concludes that the Indictment and the law that it incorporates fairly inform Defendants of the charges against which they must defend themselves. The court is further persuaded by the fact that, in order to sustain a conviction, the government will have to prove that Defendants knew that they were importing or distributing a controlled substance. To the extent that Defendants argue that they were unaware of a relationship between their culturally accepted use of the khat plant and a proscribed controlled substance, this is a factual argument that must await trial.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to dismiss (Dkt. # 195).

Dated this 2nd day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5