UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MAHAMOUD OMAR JAMA, et al.,

    Defendants.

CASE NO. CR06-255JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendant Abdiselam Mohamed Gelle's motion to suppress fruits of a wiretap based on absence of necessity (Dkt. # 236).[1] The court has considered the briefing, and for the reasons stated below, DENIES Mr. Gelle's motion.

## II.   BACKGROUND & ANALYSIS

This case arises from a two-count indictment against 18 Defendants charging violations of federal drug statutes in connection with a conspiracy to import and distribute the controlled substance Cathinone in its plant form, khat (Dkt. #1).

Mr. Gelle requests the court to suppress all evidence gained directly or indirectly from a telephone wiretap authorized by Chief Judge Lasnik on June 15, 2006. Mr. Gelle

---

[1] Several other Defendants join Mr. Gelle's motion (Dkt. ## 238, 239, 240, 242, 243, 245, 246, 253, 255, 256, 257, 258).

ORDER – 1

argues that the wiretap application failed to establish the statutory requirement of "necessity" found in 18 U.S.C. § 2518(1)(c) and (3)(c).  See Unites States v. Blackmon, 273 F.3d 1204, 1207 (9th Cir. 2001).

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518, prohibits electronic surveillance by the federal government except under specific circumstances.  Unites States v. Canales Gomez, 358 F.3d 1221, 1224 (9th Cir. 2004).  The statute requires that an issuing judge determine whether a wiretap application contains facts that support a finding that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c).  The Ninth Circuit has held that an issuing judge should evaluate the presence of necessity using a "common sense approach," and that "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap."  United States v. Fernandez, 358 F.3d 1199, 1235-36 (9th Cir. 2004) (quoting Canales Gomez, 358 F.3d at 1225-26).

The challenged wiretap was based on an application and supporting affidavit of DEA Special Agent Scott Modesitt dated June 15, 2006.[2]  The affidavit contained a lengthy description of the status of the investigation.  Of significance, the affidavit discussed the investigative techniques that had been tried and failed, and investigative techniques that had been rejected.  See Aff. at 36-46.  The attempted techniques included uncover agents and confidential sources, pen registers, telephone toll analysis, trap and trace devices, and physical and electronic surveillance.  Special Agent Modesitt noted that the investigation involved a close-knit Somali immigrant community; there were no federal or local law enforcement agents who were either a part of or sufficiently knowledgeable about this community to function in an undercover capacity.  Id. at 36-7.  The affidavit also noted that the DEA and its task force had no confidential source or

---

[2]The application and affidavit were previously filed as Attachment 1 to Defendant Jama's motion to suppress electronic surveillance evidence (Dkt. # 232).

ORDER – 2

informant from this community. Id. at 37-8. The limitations of physical surveillance were noted, as well as the belief that surveillance had been noticed by the targets. Id. at 39-43. Special Agent Modesitt identified techniques that had been rejected, including the execution of search warrants, conducting arrests and interviews of the targets, and Grand Jury appearances. Id. at 43-7. The affidavit concluded that the apparent cohesiveness of the community under investigation, including family members and long-time associates, was likely to thwart any attempt to extract information using interviews or Grand Jury appearances. Id.

Mr. Gelle's attack on the necessity for a wiretap contends that traditional methods were working and that a non-local Somali informant could have infiltrated the close-knit group of alleged co-conspirators. It is true that the DEA enjoyed some success using traditional techniques, including the interception of alleged shipments of khat. Wiretaps, however, are permitted where traditional techniques have unearthed preliminary information but a wiretap will provide additional information concerning illegal activities, other members of an alleged conspiracy, and sources of supply. Canales Gomez, 358 F.3d at 1224-5.

The court concludes that the application and affidavit established necessity. Chief Judge Lasnik did not err in granting the application to intercept phone communications. Further, the court finds that no Franks hearing is necessary because the alleged misrepresentations and omissions do not meet the standard set forth in Franks v. Delaware, 483 U.S. 154 (1978).

### III.   CONCLUSION

For the reasons stated above, the court DENIES Mr. Gelle's motion to suppress (Dkt. # 236).

Dated this 13th day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3