UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MAHAMOUD OMAR JAMA, et al.,<br><br>    Defendants. | CASE NO. CR06-255JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to suppress electronic surveillance evidence (Dkt. # 232). The court has considered the briefing, and for the reasons stated below, DENIES Defendants' motion.

## II. BACKGROUND & ANALYSIS

This case arises from a two-count indictment against 18 defendants charging violations of federal drug statutes in connection with a conspiracy to import and distribute the controlled substance cathinone in its plant form, khat (Dkt. #1).

Defendants challenge the authorization of electronic surveillance by Chief Judge Lasnik on June 15, 2006. Defendants seek to suppress wiretap evidence and all fruits obtained thereof arguing that the Government's application for electronic surveillance

ORDER – 1

contained false statements and omissions. Specifically, Defendants attack the Government's application because it omitted the following "critical facts:"

(1) That the cathinone in khat is an unstable substance that dissipates by converting to other substances;

(2) That the temporary listing of cathine (an alkaloid in dry khat) in the Controlled Substances Act ("CSA") had expired;

(3) That the cathine in khat is currently exempt from the CSA's norpseudoephedrine ban.

Mot. at 2. Defendants contend that the inclusion of these facts would have alerted Judge Lasnik to the fact that the distribution of khat, without substantial additional facts, does not establish probable cause for believing that illegal activity is occurring.

An application for an order authorizing the interception of a wire communication must include a "full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued . . . ." 18 U.S.C. § 2518(1)(b). Expanding on its holdings in United States v. Giordano, 416 U.S. 505 (1974) and United States v. Chavez, 416 U.S. 562 (1974), the Supreme Court, in United States v. Donovan, 429 U.S. 413, 436 (1977), held that allegations of omitted information should be tested against the question of whether the inclusion of additional information would have precluded judicial authorization of the intercept.

There is sufficient information in the Government's application such that inclusion of "omitted" information would not have precluded Chief Judge Lasnik's authorization of the wiretap. The affidavit described the basis for understanding what controlled substances the targets were allegedly importing and distributing: "[k]hat is the common name for Catha Edulis, a shrub grown and harvested in Eastern Africa . . . [t]he leaves contain both cathinone, a Schedule I stimulant, and cathine, a Schedule IV stimulant." Aff. at 2.[1] Even taking as true Defendants' assertion that cathine was exempt from the CSA's ban on norpseudoephedrine at the time the warrant issued, the affidavit contained

---

[1] The application and supporting affidavit for electronic surveillance are appended as Exhibit 1 to Defendants' motion (Dkt. # 232).

ORDER – 2

sufficient information regarding the status of cathinone as a controlled substance to support a finding of probable cause. In addition, the affidavit explained that "[c]athinone . . . dissipates as the khat leaves dry, therefore khat is being shipped moist, wrapped in banana leaves, or frozen. Time is of the essence when distributing khat so the importers are using world-wide commercial delivery services such as Federal Express and DHL." Aff. at 5. On this basis, the court concludes that the Government's application did not omit critical facts, nor would the inclusion of additional information have precluded judicial authorization.

Lastly, the court finds that the information before the court does not warrant an evidentiary hearing based on the standard announced in United States v. Carrion, 463 F.2d 704 (9th Cir. 1992). See id. at 706 ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.").

### III.  CONCLUSION

The court DENIES Defendants' motion to suppress (Dkt. # 232).

Dated this 13th day of March, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER – 3