UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALI MIRREH DUALEH, et al.,<br><br>    Defendants. | CASE NO. CR06-255JLR<br><br>ORDER |

    This matter comes before the court on motions for severance from Defendants Ali Mirrah Dualeh, Abdiselam Mohamed Gelle, Abdiweli Shanle Mahamed, and Ibrahim Shire Weyne (Dkt. ## 371, 381). For the reasons stated below, the court DENIES the motions.

    Defendants move to sever the trial of co-defendant Ali M. Ismail for two reasons: (1) the government intends to introduce Rule 404(b) evidence against Mr. Ismail, and (2) Mr. Ismail is proceeding pro se, which Defendants contend will pose difficulties in conducting a joint trial, including the potential presentation of antagonistic defenses.

    Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants where all are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Here, the government charges all Defendants, including Mr. Ismail, with conspiracy to distribute

ORDER – 1

and import cathinone.  As such, Defendants do not challenge the propriety of joinder under Rule 8(b).

Rather, Defendants contend that Rule 14 of the Federal Rules of Criminal Procedure mandates severance of Mr. Ismail's trial because the remaining Defendants may be significantly prejudiced by a joint trial.  Generally speaking, defendants jointly charged are to be jointly tried.  United States v. Gay, 567 F.2d 916, 919 (9th Cir. 1978).  A court may therefore grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the co-defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  Zafiro v. United States, 506 U.S. 534, 539 (1993).

The present circumstances do not pose such serious risks.  First, as to the potential admission of Rule 404(b) evidence against Mr. Ismail, less drastic measures – particularly the court's provision of a limiting instruction – will suffice to cure any risk of prejudice.  Second, Defendants' contentions concerning Mr. Ismail's behavior as a pro se litigant and his possible presentation of an antagonistic defense, are speculative at best.  Mr. Ismail has assured the court that he will obey all applicable rules and procedures.  Even assuming that Mr. Ismail presents a conflicting defense, the presentation of mutually antagonistic defenses in a joint trail are not prejudicial per se.  Id. at 538.  Here too, the court's provision of jury instructions will dissipate any risk of prejudice.  Notably, the court intends to instruct the jury that it must give separate consideration to each individual defendant and each separate charge against him.

Because Defendants fail to demonstrate a serious risk of prejudice, the court DENIES their motions for severance (Dkt. ## 371, 381) .

Dated this 29th of May, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 2